IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

EDAN MATTHEWS §
 §
v. §
 § Case No. 2:14-CV-0780-JRG-RSP
COMMISSIONER, SOCIAL §
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

On April 10, 2013, Administrative Law Judge Charles R. Lindsay issued a decision finding that Petitioner Edan P. Matthews was not disabled within the meaning of the Social Security Act from November 11, 2011 through the date of the decision. Mr. Matthews, who was 50 with a high school education at that time, was found to be suffering from severe impairments including degenerative disc disease and chronic pain in his back and left arm as a result of a fall in 2004. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least November 11, 2011. Before that time he had worked as a welder and a boilermaker. He was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the full range of light work, as defined in the Social Security Regulations, except that he can only occasionally perform postural activities like climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling. He can reach only occasionally with his left upper extremity, and he is unable to climb ladders, ropes, or scaffolds and requires the occasional use of a cane for ambulation. Considering Petitioner's age, education, work experience and RFC, the ALJ relied

upon the testimony of a Vocational Expert and found that Petitioner had the residual functional capacity to perform jobs that exist in significant numbers in the national economy, such as "surveillance systems monitor" and "host" as these jobs are described in the Dictionary of Occupational Titles published by the Department of Labor. Petitioner appealed this finding to the Appeals Council, which denied review on May 20, 2014. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises three issues on this appeal:

1. The ALJ erred in finding that Mr. Matthews' statements concerning his symptoms' "intensity, persistence, and limiting effects … are not entirely credible."

2. The ALJ's residual functional capacity ("RFC") finding is erroneous.

3. The ALJ erred in finding that Mr. Matthews retains the RFC to perform work existing "in significant numbers in the national economy."

*Issue No. 1:*

Petitioner complains first that the ALJ erred in finding his complaints of pain and disability to not be credible in view of the medical evidence. Specifically, the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 20. Petitioner complains that the ALJ did not expressly call out each of the factors listed in the applicable regulations which are to be considered in evaluating a claimant's credibility. However, it does not matter whether the ALJ identifies the factors in the order and terminology used by the regulations. The ALJ cited the applicable regulations and then analyzed the relevant facts from the record on pages 4 through 7 of his opinion.

The ALJ noted that Petitioner testified that at the time of the hearing, he was spending his days "in a recliner at my daughter's house. I can't leave the house hardly." Yet he was also not seeking medical treatment or taking pain medication. Although his original injury was in 2004, he continued to work until he was laid off in 2010. He testified that he was reinjured moving furniture in 2011 and 2012 but did not seek medical treatment because he thought it might take care of itself. He also stated that he could tend to his personal hygiene needs, prepare simple meals, launder, shop and drive.

The consultative examination by Dr. Thrash found normal functioning of his right upper extremity and that he could perform fine and gross manipulative activities without difficulty. He

had no muscle spasms, no atrophy of any muscles and very good strength.  Mr. Matthews was not using any assistive device to walk, he was able to squat and rise, and was able to get up and down from the exam table without difficulty.  Dr. Thrash made detailed findings on his abilities, which were used by Dr. Samaratunga to establish the RFC used by the ALJ.

Considering the record as a whole, the Court finds that substantial evidence supports the above findings and that they provide ample support for the ALJ to discount the very broad statements of disability by the Petitioner.

*Issue No. 2:*

Petitioner contends that the RFC of the ALJ was not supported by substantial evidence.  Petitioner's brief makes clear that he is relying on the first issue as the basis for his attack on the RFC.  It should be noted that Petitioner produced no medical evidence supporting his claim of total disability.  Both of the physicians who provided evidence concluded that Petitioner had the ability to perform work within the limitations described in the RFC outlined above.  More than substantial evidence supports the finding of the ALJ as to Petitioner's residual functional capacity.

*Issue No. 3:*

Petitioner's final challenge to the decision is that substantial evidence does not support the finding of the ALJ that he is able to perform work available in significant numbers in the national economy.  Like the first two issues, this third issue is based primarily on the argument put forward on the first issue.  However, Petitioner also points to a notation in the ALJ's opinion that the job of surveillance systems monitor is "(prior to age 50)." The vocational expert did not limit his testimony in this manner, so it is not clear why the ALJ made that notation.  Petitioner

4

was 50 at the time of the hearing. If that were the only job found by the ALJ to be available to Petitioner, a remand might be in order. However, the ALJ found, with the support of substantial evidence in the form of the testimony of the vocational expert, that at least one other job, that of "host," was also within Petitioner's RFC and was available in significant numbers (71,860 nationally). Accordingly, no remand is necessary. The decision to deny benefits is properly supported in the record.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

**So ORDERED and SIGNED this 28th day of March, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE